**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BJ D. BAILEY,**[1]

   **Plaintiff,**

  **v.**          **CASE NO. 13-3191-SAC**

**DONALD ASH, Sheriff,**

   **Defendant.**

### MEMORANDUM AND ORDER

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Plaintiff claims that he was unlawfully detained in jail for 16 days in June 2012, and that defendant failed to "resolve the problem." Having examined the materials filed, the court finds that the complaint is deficient in several respects. Plaintiff is given time to cure the deficiencies, which are discussed herein. If he fails to comply within the time prescribed, this action may be dismissed without further notice.

### FILING FEE

The fees for filing a civil rights complaint total $400.00 and include the statutory fee of $350.00 plus an administrative fee of $50.00. For one granted leave to proceed in forma pauperis the fee

---

[1] Mr. Bailey's last name is misspelled in his pleadings. The correct spelling is Bailey according to his KDOC records. The clerk is directed to change this name on the docket to the correct spelling.

1

is $350.00. Plaintiff has filed a Motion for Leave to Proceed in forma pauperis (Doc. 2). However, his motion is inadequate in that it is not upon court-approved forms as required by local court rule and is not supported with the financial information required by federal law. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1) and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The clerk is directed to send appropriate forms to plaintiff and he is given time to submit a proper motion together with the requisite certified account statement.

Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1) being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate account as funds become available.[2]

Furthermore, § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the

---

[2] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined is authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of the complaint. An appropriate partial fee will be assessed after plaintiff's financial information is received.

**FORM COMPLAINT REQUIRED**

Local court rule also requires that a civil rights complaint filed by an inmate be submitted upon court-approved forms. The clerk is directed to send plaintiff the requisite forms, and plaintiff is given time to submit his complaint upon these forms. Plaintiff is forewarned that if he fails to comply with the foregoing prerequisites, this action may be dismissed without further notice.

**FACTUAL ALLEGATIONS AND CLAIMS**

As the factual basis for this complaint, Mr. Bailey alleges as follows. On June 5, 2012, he appeared with counsel before a judge at the Wyandotte County Courthouse in Case No. 2012-CR-000415. The judge, "by agreement and/or contract with the State of Kansas" ordered Mr. Bailey released on his own recognizance. Plaintiff was not released on June 5 as he expected, and was instead illegally detained at the Wyandotte County Jail until June 21, 2012. Plaintiff contacted defendant Ash seeking his help in resolving the problem, but defendant did not respond. Defendant Ash and "Wyandotte County" had knowledge and notice of "these . . . practices" and "police

3

misconduct" but have taken no "effective action to prevent Wyandotte County Sheriffs police personnel from continuing to engage in this type of misconduct." Defendants have not taken steps to train, correct or discourage this abuse of authority, and have condoned the misconduct. Plaintiff claims that his detention from June 5 to June 21 was "contrary to the laws of the State of Kansas and the United States Constitution." He also claims that the "conduct of defendants Ash and Wyandotte County" amounted to "gross negligence under state law." Plaintiff seeks compensatory and punitive damages as well as attorney fees and costs.

**SCREENING**

Because Mr. Bailey is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards

4

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake,* 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Its "factual allegations must be enough to raise a right to relief above the speculative level" (*id*.), and "to state a claim to relief that is plausible on its face." *Id*. at 570. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Having applied these standards to the complaint filed herein, the court finds it is subject to being dismissed for the following reasons.

**FAILURE TO PROPERLY DESIGNATE AND SHOW PERSONAL PARTICIPATION OF EACH DEFENDANT**

The only defendant named in the caption of the complaint is Sheriff Donald Ash. Plaintiff refers to "defendant Wyandotte County" once in the body of his complaint. Rule 10 of the Federal

5

Rules of Civil Procedure requires that all defendants be named in the caption. In the form complaint that Mr. Bailey is required to submit, he must name all defendants in the caption. Anyone not named in the caption will not be treated as a defendant.

Even if Wyandotte County were a properly-designated defendant, plaintiff's bald references to knowledge of "institutionalized practices" and failure to train are insufficient to plead liability on the part of this municipality. A "plaintiff seeking to impose liability on a municipality under § 1983" is required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010)(quoting *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997)). Plaintiff does not describe any policy or custom, the enforcement of which caused his injury.

Plaintiff does not state sufficient facts to show that defendant Ash personally participated in the alleged violation of his federal constitutional rights. Plaintiff alleges only that he asked Ash to resolve "his problem" and that Ash failed to respond. He does not establish that Ash had a duty or the authority to release him from detention.³ Plaintiff may not assign liability to defendant Ash solely on the basis of respondeat superior or by simply alleging that Ash failed to respond to a grievance.

---

3   Plaintiff's own exhibit indicates that even if the judge ordered him released on his own recognizance in his 2012 case, other legal authority existed for his continued detention.

6

**FAILURE TO STATE A FEDERAL CONSTITUIONAL CLAIM**

Plaintiff's own exhibit indicates that his county jail detention during the 16 days in question had a legitimate basis and was not the result of an unconstitutional policy. The "Letter of Incarceration" attached to his complaint shows that he was held in the Wyandotte County Jail from March 26 to June 21 of 2012 on three matters, not on Case No. 12 CR 415 alone.[4] He was confined based upon a KCK bench warrant and a probation violation in Case No. 09 CR 0708 in addition to the 2012 burglary charge. It thus appears that there were legitimate reasons for plaintiff's continued detention.

Furthermore, plaintiff's allegations that his Fourth, Fifth, and Eighth Amendment rights were violated are nothing more than conclusory statements. Unless plaintiff alleges facts showing the violation of a federal constitutional right, this court has no jurisdiction to consider his "state law theories." The court further notes that claims of false imprisonment and negligence actionable under state law are not grounds for relief in federal court under 42 U.S.C. § 1983.

Finally, the court notes that plaintiff's claim of illegal

---

4   The court takes judicial notice of Wyandotte County Case No. 12 CR 415 referenced by petitioner in which he was convicted of burglary and sentenced on July 20, 2012, and Wyandotte County Case No. 09 CR 708 in which Mr. Bailey was convicted of burglary and sentenced in October 2009. Both these sentences are active according to the offender information available on-line as to Mr. Bailey through KASPER.

7

detention should have been presented in the first instance by way of a habeas corpus petition in state court.  However, when Mr. Bailey filed this action, he was apparently no longer in the custody that is alleged to have been illegal, so that this claim was already moot.

**MONEY DAMAGES CLAIM BARRED**

In any event, plaintiff's claim for compensatory damages is barred by federal statute.  42 U.S.C. § 1997e(e) provides, in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  *Id*.  Plaintiff does not state any facts showing that a physical injury resulted from his 16 days of allegedly illegal detention.  Lack of injury also appears from the fact that Mr. Bailey was being detained under other lawful authority.  Plaintiff's claim for punitive damages is likewise not supported by factual allegations showing bad motive on the part of the named defendant.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee prerequisites by submitting a properly completed and supported motion for leave to proceed in forma pauperis upon court-approved forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to submit his complaint upon court-provided

8

forms and to cure all the deficiencies discussed herein, or this action may be dismissed without further notice.

The clerk is directed to send ifp and 1983 forms to plaintiff and to correct the spelling of his last name on the docket to Bailey.

**IT IS SO ORDERED.**

**DATED: This 18th day of December, 2013, at Topeka, Kansas.**

    **s/Sam A. Crow**
    **U. S. Senior District Judge**