IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BJ D. BAILEY,

        Plaintiff,

     v.                  CASE NO.  13-3191-SAC

DONALD ASH, Sheriff,

        Defendant.

**MEMORANDUM AND ORDER**

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by a Kansas inmate. Plaintiff claims that he was unlawfully detained in the Wyandotte County Detention Center (WCDC) for 16 days and that defendant failed to "resolve the problem." The court initially screened the complaint and found it deficient in several respects. Plaintiff was given time to file his complaint upon court-approved forms and ordered to cure the deficiencies in his new complaint. This matter is currently before the court upon plaintiff's new complaint that was submitted upon forms (Doc. 4).[1] Having reviewed all materials in the file, the court finds that plaintiff has not cured deficiencies and this action is subject to dismissal for the additional significant reason that it appears to be time-barred. Plaintiff is given the opportunity to show cause why this action

---

[1]    Plaintiff was also ordered to pay an initial partial filing fee and submit his motion to proceed without prepayment of fees upon forms. He has complied with these orders, and these motions (Docs. 2,5) are granted.

should not be dismissed for the reasons that follow.

**FACTUAL ALLEGATIONS AND CLAIMS**

As the factual basis for his new complaint, Mr. Bailey alleges the following.  On June 5, 2012, he appeared with counsel before a judge at the Wyandotte County Courthouse in Case No. 2012-CR-415.  The judge "by agreement and/or contract" ordered Mr. Bailey released on his own recognizance.  Plaintiff was not released on June 5, 2012 as he expected, and was instead illegally detained at the WCDC until June 21, 2012.  Wyandotte County Sheriff Ash and the Administrator of the WCDC had "firsthand knowledge" of the court's order because they had Mr. Bailey "in their custody and/or control."  However, they refused to obey the order.

As Count I of his complaint, Mr. Bailey asserts "8th Amendment violation."  As supporting facts, he re-alleges the foregoing facts and adds that, "[n]o other criminal case would have required (plaintiff's) continued confinement."  He further alleges that administrative requests were timely submitted to the "pod officer," the "policy/procedure was not followed," and the "issues in the grievance were not addressed in accordance with the "detention policies/procedures."  Plaintiff claims that he was "unlawfully seized" from the time that the judge ordered his release.

As Court II, plaintiff asserts "5th and 14th Amendment of the

U.S. Constitution." As facts in support, he alleges the following. Defendant "had in their possession false and/or misleading documents that led to (plaintiff's) continued confinement contrary to the judge's order." "If such false and/or misleading information had not" been in defendants' possession, plaintiff "would have been release[d] in accordance with the judge's order."

As Count III, plaintiff asserts "14th Amendment of the U.S. Constitution." In support, he re-alleges that he was confined in the WCDC after the judge issued the "O.R. Order" and "was intentionally continued to be incarcerated contrary to said order."

Plaintiff seeks one million dollars, reasonable attorney fees, and costs.

In response to questions on exhaustion, plaintiff repeats that "an official complaint was submitted within the WCDC "through the pod office" but "no official has responded" to date.

**SCREENING**

Because Mr. Bailey is a prisoner, the court is required by statute to screen his new complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and

(b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake,* 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Its "factual allegations must be enough to raise a right to relief above the speculative level" (*id*.), and "to state a claim to relief that is plausible on its face." *Id*. at 570. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**FAILURE TO SHOW PERSONAL PARTICIPATION**

In its prior Memorandum and Order (hereinafter M&O), the court found that plaintiff failed to allege sufficient facts to show the necessary element of personal participation on the part of defendant Ash in the alleged illegal detention. The court noted that liability could not be assigned to defendant Ash solely on the basis of respondeat superior and that plaintiff had not established that County Sheriff Ash had a duty or the authority to release him from detention. *See Scull v. New Mexico,* 236 F.3d 588, 599-600 (10th Cir. 2000). In his new complaint, plaintiff still fails to describe any act on the part of Sheriff Ash. Instead he argues that both defendants must be presumed to have had "firsthand knowledge" of the court's order releasing him on bond because he was "in their custody or control." The Tenth Circuit has explained that:

> Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" (Citations omitted). In short, the supervisor must be personally "involved in the constitutional violation," and a "sufficient causal connection" must exist between the supervisor and the constitutional violation. *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006).

> In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his

5

> subordinates, a plaintiff must first show the
> supervisors subordinates violated the constitution.
> Then, a plaintiff must show an "affirmative link"
> between the supervisor and the violation, namely the
> active participation or acquiescence of the supervisor
> in the constitutional violation by the subordinates.
> *Holland v. Harrington*, 268 F.3d 1179, 1187 (10th Cir.
> 2001); *Green v. Branson*, 108 F.3d 1296, 1302 (10th
> Cir. 1997).   In this context, the supervisor's state
> of mind is a critical bridge between the conduct of a
> subordinate and his own behavior.   Because "mere
> negligence" is not enough to hold a supervisor liable
> under § 1983, a plaintiff must establish that the
> supervisor acted knowingly or with "deliberate
> indifference" that a constitutional violation would
> occur. (Citations omitted).

*Serna v. Colorado Dept. of Corrections*, 455 F.3d 1151-52 (10th Cir. 2006).

In discussing this deficiency in its prior M&O, the court noted that plaintiff's own exhibit indicated other authority existed for his detention, namely a conditional release violation from a 2009 sentence.   Plaintiff makes the conclusory statement in his new complaint that "[n]o other criminal case would have required (plaintiff's) continued confinement."   This bald statement need not be accepted as true because it is supported by no facts whatsoever.[2]   The court concludes that

---

[2]    Plaintiff's own exhibit, the "Letter of Incarceration" attached to his original complaint, showed that Mr. Bailey was held in the Wyandotte County Jail from March 26 to June 21 of 2012 on three matters, not on Case No. 12CR415 alone.   The court took judicial notice of Wyandotte County Case No. 12CR415 referenced by petitioner in which he was convicted of burglary and sentenced on July 20, 2012.   In addition, it took judicial notice of Wyandotte County Case No. 09CR708 in which Mr. Bailey was convicted of burglary and sentenced in October 2009.   The court then noted that both these sentences were active according to the offender information available on-line as to Mr. Bailey through KASPER.   Mr. Bailey was thus confined based upon a KCK bench warrant and a probation violation in Case No. 09CR708 in addition

plaintiff still fails to allege facts to show personal participation on the part of Sheriff Ash in the alleged illegal detention. *Cf. Wilson v. Montano*, 715 F.3d 847, 858-59 (10th Cir. 2013). Furthermore, "[t]o establish a violation of § 1983 by a defendant-supervisor, the plaintiff must establish, at minimum, a deliberate and intentional act on the part of the supervisor to violate the plaintiff's legal rights." *Id.* at 858 (citing *Porro v. Barnes*, 624 F.3d 1322, 1327-28 (10th Cir. 2010)). Plaintiff's statement that he "was intentionally continued to be incarcerated" is completely conclusory. It is not entitled to a presumption of truth, and plaintiff alleges no facts to establish that Sheriff Ash acted with the "requisite mental state." *Id.*

In his new complaint, plaintiff adds "Administrator" of WCDC as a defendant. However, he then fails to describe any act or inaction by Administrator.[3] Plaintiff alleges that he complained to "the pod office" or "pod officer" who "was responsible for making sure" his request got to Administrator.

---

to the 2012 burglary charge, which led the court to conclude "that there were legitimate reasons for plaintiff's continued detention." If plaintiff's conditional release violation in his 2009 case was resolved prior to issuance of the order of release on his new charges he could have simply informed the court regarding its resolution.

[3]   Plaintiff generally exclaims "surely" there are "orders" in place that "direct the sheriff and any other under his control to obey a judge's order." This statement does not show that plaintiff's 16-day detention was caused by a policy or custom of either defendant. Nor does plaintiff allege any other facts suggesting such a policy.

However, he does not name the officer as a defendant or explain what other steps he took, if any, to secure his release.[4] Furthermore, even if the court assumes that both defendants were aware of the judge's order, plaintiff still fails to state a claim for relief because for the first time in his new complaint he also alleges that defendants "had in their possession false and/or misleading documents" that led to his continued confinement "contrary to the judge's order." He provides no description of these documents. Their existence suggests some possible authority for his detention rather than none. It also indicates a culpable mindset on the part of either defendant since neither is alleged to have created or knowingly relied upon false documents. In sum, plaintiff fails to allege facts, as opposed to conclusory statements, showing direct personal participation in his alleged illegal detention by either defendant.

## FAILURE TO STATE A FEDERAL CONSTITUIONAL CLAIM

The court also found in its prior M&O that plaintiff's allegations of Fifth, and Eighth Amendment violations were nothing more than conclusory statements. Plaintiff again baldly asserts these constitutional provisions and the Fourteenth Amendment, but the supporting facts that follow neither explain

---

[4]     Plaintiff does not describe any conversation he had with any official at the jail or his attorney regarding the order and his not being released.

nor render obvious how these particular constitutional provisions were violated.   For example, plaintiff asserts an Eighth Amendment violation in Count I, but his allegations contain no suggestion as to how he was subjected to cruel and unusual punishment during the days in question.   In short, plaintiff fails to state facts to support a claim of violation of the constitutional provisions asserted in his new complaint.

**REMAINING CLAIM IS TIME-BARRED**

Finally and most significantly, it is clear, given the allegations in plaintiff's new complaint, that his claim is one of false imprisonment.[5]  The United States Supreme Court has held that while § 1983 provides a federal cause of action for a constitutional tort of false imprisonment, the length of the statute of limitations for such a claim is that which the State provides for personal-injury torts.   *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).   K.S.A. 60-514(b) specifies that "[a]n action for assault, battery, malicious prosecution, or false imprisonment" "shall be brought within one year."   In *Wallace*, the Supreme Court considered the timeliness of a § 1983 complaint seeking damages for a Fourth-Amendment unlawful arrest claim.   *See id.* at 386.   The Court reasoned that "[f]alse arrest

---

[5]    Plaintiff also baldly complains that he was illegally seized.  However, he does not allege facts to support a claim of illegal or false arrest, and the facts he does allege are contrary to such a claim.  His detention arose from his arrest on new criminal charges as well as a conditional release violation, both of which were presumably with probable cause.

and false imprisonment overlap; the former is a species of the latter," and then "refer(red) to the two torts together as false imprisonment." *Id.* at 389.  They further stated that, "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*." *Id.* (emphasis in original).  Like in *Wallace*, plaintiff's claim is based on his allegations of detention *without legal process*.  The Court further held in *Wallace* that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.*

Here, Mr. Bailey alleges that he was illegally detained until June 21, 2012.  The statute of limitations on his false imprisonment claim began to run on that date.  Mr. Bailey is deemed to have initiated this action on November 1, 2013, because his original complaint was executed on that date.  This was several months after the limitations period on his false imprisonment claim expired, which was on June 21, 2013.  Unless plaintiff shows good cause, such as a right to equitable tolling, this action is subject to dismissal as barred by the statute of limitations.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motions to Proceed without Prepayment of Fees (Docs. 2 & 5) are granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30)

days in which to show good cause why this action should not be dismissed for the foregoing reasons including that it is time-barred.

**IT IS SO ORDERED.**

**DATED:  This 20th day of May, 2015, at Topeka, Kansas.**

**s/Sam A. Crow**
**U. S. Senior District Judge**